IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 01-11217

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RICHARD CARBONARO,

                                        Defendant-Appellant.

———————————————————————————

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 3:00-CR-301-4-D)
———————————————————————————————————————
September 18, 2002

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    We have reviewed the record and arguments of counsel and affirm the judgment

for the following reasons:

———————————————

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

1.  Appellant Carbonaro claims that the verdict cannot stand because the jury's questions indicate that the jury did not reach a unanimous agreement as to the facts underlying the mail fraud and money laundering convictions.  The questions indicate to us that, during deliberations, there was some disagreement among the jurors as to whether the elements of mail fraud include a requirement that Carbonaro intended to obtain a personal financial gain through his fraud.  Carbonaro argues that there was no evidence that he received such a financial gain.  In our view, the record and the questions from the jury in particular do not establish that the jury failed to reach a unanimous agreement on a fact essential to the convictions.

2.  For all we can tell, the jury might have only disagreed on whether, as a <u>legal</u> matter, Carbonaro must have had an intent to secure a personal financial gain in order to be guilty of mail fraud.  The charge does not require such a finding, and the court directed the jury to consider the charge as a whole and relevant portions thereof in response to some of the questions.  We presume that the jury followed the courts instructions.  <u>Zafiro v. United States</u>, 506 U.S. 534, 540 (1993).  Since the jury did eventually reach a verdict, we presume that the jury eventually either agreed, correctly, that an intent to secure a personal financial gain is not an element of the crime, or agreed that such an intent was an essential element of the crime, in which case the jury, harmlessly, added an element to the offense that was not essential.

3. If, on the other hand, the jurors disagreed on whether, as a <u>factual</u> matter, Carbonaro intended to secure a personal financial gain through his fraud, we again note

2

that the jury eventually reached a unanimous verdict. We can only conclude, therefore, that the jury either ultimately decided, correctly, that intent to obtain a personal financial gain is not an element of the offense, in which case the jury committed no factual or legal error, or that the jury decided that such an intent was an essential element of the offense and found such an intent, in which case the jury found a fact which was not essential to the verdict and made, at most, a harmless mistake. The questions from the jury do not in our view establish that the jury was unable to agree unanimously that Carbonaro aided and abetted an effort to intentionally defraud donors by falsely representing material facts concerning KidWish USA.

4. To the extent that Carbonaro is contending that there was a variance between the indictment and the proof or between the indictment and the charge because the indictment was limited to a theory that KidWish USA was created for the personal enrichment of Carbonaro as well as the other defendants, we fail to discern such a variance. The indictment in our view was not so limited and the government was not required to prove that Carbonaro financially benefitted from the mail fraud or money laundering or intended to do so.

5. Insofar as Carbonaro claims that the district court erred in giving an <u>Allen</u> charge or in the wording of the <u>Allen</u> charge, we see no error in the wording of the charge and no abuse of discretion in the decision to give the charge.

AFFIRMED.

3